Electronically Filed
Intermediate Court of Appeals
CAAP-18-0000165
28-FEB-2019
08:09 AM

NO. CAAP-18-0000165

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

JOSEPH T. FUGOW, Petitioner-Appellant, v.
STATE OF HAWAI'I, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(S.P.P. NO. 16-1-0013(1); CASE NO. 2PC141000109(1))

SUMMARY DISPOSITION ORDER
(By: Ginoza, Chief Judge, Leonard and Reifurth, JJ.)

Petitioner-Appellant Joseph T. Fugow (**Fugow**) appeals from: (1) Findings of Fact, Conclusions of Law, and Order Denying Petitioner's Petition to Vacate, Set Aside or Correct Judgment, or Release Petitioner from Custody pursuant to H.R.P.P. Rule 40, filed on February 14, 2018 (**2018 Order Denying Relief**); and (2) Findings of Fact, Conclusions of Law, and Order Re: Petition to Vacate, Set Aside or Correct Judgment, or to Release Petitioner from Custody, filed May 31, 2017 (**2017 Order Denying Relief**), in the Circuit Court of the Second Circuit (**Circuit Court**).[1]

---

[1] The Honorable Rhonda I.L. Loo presided.

Fugow raises three points of error on appeal, contending: (1) the Circuit Court clearly erred in Finding of Fact (**FOF**) 24 in the 2018 Order Denying Relief when it found that Fugow's trial counsel William E. McGrath (**McGrath**) was more credible than Fugow; (2) the Circuit Court erred in the 2017 Order Denying Relief when it denied Fugow relief because his change of plea was involuntary as a result of the trial court's failure to advise him of the nature of his right to trial by jury; and (3) the Circuit Court erred in the 2017 Order Denying Relief when it denied relief to Fugow in the absence of a finding that Fugow's change of plea was made with "full knowledge of the direct consequences of the plea."

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we resolve Fugow's points of error as follows:

(1) Fugow testified that he was erroneously advised by McGrath that he was not going to be deported as a result of his guilty plea. McGrath testified that he told Fugow that he was deportable, either on the original charges or the reduced charges, but that if his sentence were less than one year in prison, he would be deported when the immigration authorities got around to it, whereas if it were a longer sentence "that would have been the end of that right there." Fugow argues, for various reasons, that his version of his lawyer's advice is more credible. However, "[i]t is well-settled that an appellate court

2

will not pass upon issues dependent upon the credibility of witnesses and the weight of the evidence; this is the province of the trier of fact." State v. Mattiello, 90 Hawai'i 255, 259, 978 P.2d 693, 697 (1999) (citations, internal quotation marks, and brackets omitted). The Circuit Court reached this credibility assessment after, *inter alia*, a November 16, 2017 evidentiary hearing at which Fugow and McGrath were the only witnesses and this was the central issue in Fugow's contention that McGrath provided ineffective assistance of counsel. We cannot conclude that the Circuit Court clearly erred in its assessment of the witnesses' testimony. Therefore, we reject Fugow's contention that the 2018 Order Denying Relief should be vacated on this ground.

(2) The Circuit Court summarily denied Fugow's claim that Fugow's change of plea was involuntary, in part based on the court's conclusion that Fugow's claim of an invalid waiver of his right to jury trial was patently frivolous based on the trial court's on-the-record colloquy on April 28, 2014. Fugow contends that his change of plea was involuntary as a result of the trial court's failure to advise him of the nature of his right to trial by jury. The State concedes that Fugow's waiver of his right to a jury trial was invalid. We nevertheless review the record to determine whether the State's concession of error is well-founded. See State v. Eduwensuyi, 141 Hawai'i 328, 333, 409 P.3d 732, 737 (2018) (citing Territory v. Kogami, 37 Haw. 174, 175 (Haw. Terr. 1945) (holding that a prosecutor's concession of

error is entitled to "great weight," but is not binding upon the appellate court)).

"A trial judge is constitutionally required to ensure that a guilty plea is voluntarily and knowingly entered." State v. Krstoth, 138 Hawaiʻi 268, 273, 378 P.3d 984, 989 (2016) (citation omitted). "In determining the voluntariness of a defendant's proffered guilty plea, the trial court 'should make an affirmative showing by an on-the-record colloquy between the court and the defendant wherein the defendant is shown to have a full understanding of what the plea of guilty connotes and its consequences.'" Id. (citation omitted). "The validity of the waiver of a right to a jury trial is reviewed under the totality of the circumstances surrounding the case, taking into account the defendant's background, experience, and conduct." Id. at 274-75, 378 P.3d at 990-91 (internal quotation marks omitted) (citing State v. Gomez-Lobato, 130 Hawaiʻi 465, 470, 312 P.3d 897, 902 (2013)).

With regard to waiver of jury trial, the supreme court has advised trial courts to conduct Duarte-Higareda's suggested colloquy, but has rejected the argument that such a colloquy is required in every case. Gomez-Lobato, 130 Hawaiʻi at 470, 312 P.3d at 902. In Duarte-Higareda, a four-part colloquy was established for a waiver of jury trial in which a defendant is to be advised that: "(1) twelve members of the community compose a jury, (2) the defendant may take part in jury selection, (3) a jury verdict must be unanimous, and (4) the court alone decides guilt or innocence if the defendant

waives a jury trial." <u>United States v. Duarte-Higareda</u>, 113 F.3d 1000, 1002 (9th Cir. 1997).

Here, the following exchange took place at Fugow's change-of-plea hearing:

> THE COURT: Do you understand that you have a right to a speedy and public trial by jury, but that by pleading no contest, you are giving up your right to a trial?
>
> THE DEFENDANT: Yeah.
>
> THE COURT: Do you understand that you have a right to a trial no matter how strong the evidence against you?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Do you understand that if you demand a trial, the State must prove you guilty beyond a reasonable doubt?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Do you understand that if you demand a trial, your lawyer can cross-examine the witness against you?
>
> THE DEFENDANT: Yeah.
>
> THE COURT: Do you understand that if you demand a trial, you have the right to testify or to remain silent?
>
> THE DEFENDANT: Yeah.
>
> THE COURT: Do you understand that if you demand a trial, you have the right to call and present your own witnesses?
>
> THE DEFENDANT: Yep.
>
> THE COURT: Do you understand that by pleading no contest, you are giving up all these rights?
>
> THE DEFENDANT: Yeah.
>
> THE COURT: Do you understand that if you plea no contest, there will be no trial at all?
>
> THE DEFENDANT: Yeah.
>
> THE COURT: Do you understand that if I accept your no contest plea, I will find you guilty and sentence you without a trial?
>
> THE DEFENDANT: Yeah.
>
> THE COURT: Do you understand that by pleading no contest, you are giving up your right to an appeal?
>
> THE DEFENDANT: Yeah.

THE COURT: Do you understand that after you are sentenced, you will not be allowed to change your mind and go to trial if, for example, you do not like the kind of sentence you receive?

THE DEFENDANT: Yeah.

THE COURT: Do you understand that if you wish, you can maintain your plea of no contest and have a trial on the charges against you?

THE DEFENDANT: Yeah.

Fugow has a tenth grade education in Yap. At the time of the April 28, 2014 change-of-plea hearing, Fugow testified that he was 32 years old. He is a native of Yap and a citizen of the Federated States of Micronesia and not a citizen of the United States. Fugow entered the United States on or about December 27, 2011. He has no prior record. At the change-of-plea hearing, he was asked if he could read and write English and he responded, "Yeah." In the 2018 Order Denying Relief, the Circuit Court found that Fugow could communicate in the English language and did not need an interpreter.[2]

Here, the trial court's colloquy did not address any of the Duarte-Higareda advisements. Fugow was not advised that a jury is composed of twelve members from the community, that he may take part in jury selection, that a jury verdict must be unanimous, or that he had a right to a bench trial and that the court alone decides whether a defendant is guilty if a jury trial is waived. The change-of-plea form signed by Fugow included "I understand that I have the right to take the

_____

[2] At his initial arraignment, his attorney indicated that Fugow needed a Yapese interpreter. As there was no official interpreter available, the court colloquied and then used an interpreter brought by Fugow. McGrath testified at the November 16, 2017 hearing, which was subsequent to the Circuit Court's 2017 Order Denying Relief, that Fugow speaks good English.

stand to testify and I have the right not to testify at trial," as well as an acknowledgment of his right to hear and question witnesses against him and call his own witnesses. However, the form did not provide any guidance on the Duarte-Higareda factors and the court did not engage in a colloquy on them.

The record reflects that Fugow reads and writes English, although perhaps with some limitations, and thus Krstoth is distinguishable in this regard. However, in light of the fact that none of the Duarte-Higareda advisements were given to Fugow and there was very little discussion in the colloquy about the waiver of a jury trial, we cannot say that Fugow's case is sufficiently distinguishable from Krstoth to warrant a different result. The case law has emphasized that the record must affirmatively establish a valid waiver. Given that standard and considering Fugow's tenth grade education in Yap,[3] his lack of a prior criminal record, and the totality of the circumstances in this case, the colloquy regarding Fugow's right to a jury trial was deficient and does not establish on the record an

---

[3]    We note that the Constitution of the State of Yap, article II, section 5, provides a right to a speedy public trial, but does not include a right to a jury trial, and states as follows:

> Section 5.  In all criminal prosecutions, the accused shall enjoy the right to a speedy public trial, to be informed of the nature and cause of the accusation, to be confronted with the witnesses against him, to have compulsory process for obtaining witnesses in his favor, and to have the effective assistance of counsel for his defense.

Constitution of the State of Yap, art. II, § 5 (Legal Information System of the Federated States of Micronesia at www.fsmlaw.org) (last accessed on February 26, 2019); see also Constitution of the Federated States of Micronesia, art. IV, § 6 ("The defendant in a criminal case has a right to a speedy public trial, to be informed of the nature of the accusation, to have counsel for his defense, to be confronted with the witnesses against him, and to compel attendance of witnesses in his behalf.") (Legal Information System of the Federated States of Micronesia at www.fsmlaw.org) (last accessed on February 26, 2019).

intelligent, knowing, and voluntary waiver of his right to a jury trial. See also State v. Paa, CAAP-16-0000316, 2017 WL 3798449 (Haw. App. Aug. 31, 2017) (SDO). Therefore, the Circuit Court erred in denying Fugow's claim for relief based on an invalid waiver of jury trial.

(3) In light of our conclusion above, we do not address Fugow's further point of error regarding his plea.

For these reasons, the 2018 Order Denying Relief is affirmed, the 2017 Order Denying Relief is vacated, and this case is remanded to the Circuit Court for further proceedings.

DATED: Honolulu, Hawai'i, February 28, 2019.

On the briefs:

Emmanuel G. Guerrero,
for Petitioner-Appellant.

Renee Ishikawa Delizo,
Deputy Prosecuting Attorney,
County of Maui,
for Respondent-Appellee.

Chief Judge

Associate Judge

Associate Judge